[702 NYS2d 562]

In the Matter of DAVID LAWRENCE SOLOMON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 7, 2000

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Gentile, Brotman & Benjamin,* New York City (*Howard Benjamin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of the State of Florida dated February 26, 1998, the respondent was suspended from the practice of law for a period of 91 days and, upon reinstatement, was placed on probation for a period of two years.

The respondent was served with a notice pursuant to 22 NYCRR 691.3 (d) informing him of his right to impose certain enumerated defenses to the imposition of discipline in the State of New York, and to request a hearing before the imposition of such discipline. In his answer, the respondent requested a hearing, raising as defenses the deprivation of due process and the infirmity of proof. By decision and order of this Court dated November 18, 1998, the petitioner's motion to impose reciprocal discipline was held in abeyance, and the matter was referred to John F. Mulholland, Esq., as Special Referee, to hear and report. A hearing was conducted on May 4, 1999, and the Special Referee concluded that the respondent failed to establish the defenses raised in his answer. Based on the evidence adduced at the hearing, we find that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is suspended from the practice of law for a period of one year, and his reinstatement in New York is conditioned upon his reinstatement in Florida.

Mangano, P. J., Bracken, O'Brien, S. Miller and H. Miller, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, David Lawrence Solomon, is suspended from the practice of law for a period of one year, commencing March 7, 2000, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months before the expiration of the said period of one year, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law in the State of New York, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), (c) that he has otherwise properly conducted himself, and (d) that he has been reinstated in the State of Florida; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the re-

spondent, David Lawrence Solomon, shall continue to desist and refrain in the State of New York from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

MOTION by the respondent, *inter alia*, for a new hearing in the above entitled proceeding, on the ground that his defenses to the imposition of reciprocal discipline were not considered at the hearing held on May 4, 1999.

Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, it is ordered that the motion is denied.